

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. J. Brown
Director Vocational Rehabilitation
State Department of Education
Austin, Texas

Dear Mr. Brown:

Opinion No. O-2832

Re: Whether or not an institution or civic organization may match federal money towards helping crippled children by placing such supplementary sum in the State treasury in lieu of State matching.

We have your letter of October 16, 1940, as follows:

"Recently your department ruled that the Vocational Rehabilitation Department in the State Department of Education could not pay the matriculation, tuition, and laboratory fees, or in any way assist a crippled person to attend a denominational school. This office receives one-half of the money from the Office of Education in Washington, D. C. This money is placed in the State Treasury.

"The Federal Office of Education has offered to give us more money this year than we can match with state money, and they have stated that they would be perfectly willing for any institution or civic organization to match money with them towards helping crippled people, provided the same was placed in the State Treasury at Austin.

"We are asking that you give us an opinion as to whether or not we could comply with the request made by Mr. Henry Mount in his letter to us of September 26th, a copy of which is attached to this letter."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. J. J. Brown - page 2

The letter of Mr. Mount, to which you refer, is as follows:

"It is my information that there is some thirty or forty thousand dollars of federal money available for the rehabilitation of crippled students, that this fund has not been matched by the state, and that it might be possible for some civic or commercial group to match this sum for special cases.

"There are in Daniel Baker College several students who need help. I wonder if you could get a ruling from the Attorney General for this group who is attending Daniel Baker College if our committee would sponsor the state's part of this money."

We beg to advise that the plan proposed can not be adopted for the following reasons:

Article 93 of the Penal Code of Texas is as follows:

"If the State Treasurer shall knowingly keep or receive into the building, safes or vaults of the treasury, any money or representative thereof belonging to any individual, except in cases expressly provided for by law, he shall be confined in the penitentiary not less than two nor more than five years."

If, therefore, the proposed contribution to match the federal appropriation is to be the individual funds of the contributor, or of the individual children to be benefitted, or of the Daniel Baker College, the Penal Code makes it a felony for the State Treasurer to receive or keep the same in the "building, safes or vaults of the treasury." If, on the other hand, the contribution by the voluntary act of the contributor becomes a part of the public funds, and enters into the treasury, as the federal authorities require, it immediately thwarts the very purpose contemplated by

166

the plan, for, under our ruling in Opinion No. O-2412, interpreting Article I, Section 7, of the Constitution, it may not be appropriated or withdrawn from the treasury for the benefit of the College -- that institution being a society or seminary of a "sect", within the meaning of that Section.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

APPROVED OCT 25, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

OS-MR


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN